Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TEFERI BIKILA,

                              Plaintiff,

        v.

VIBRAM USA, INC.,

                              Defendant.

No. 3:15-cv-05082-RBL

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT
TO FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) and 12(b)(7)

**Note on Motion Calendar:
April 10, 2015**

**Oral Argument Requested**

## I.      INTRODUCTION AND RELIEF REQUESTED

        Defendant Vibram USA, Inc. ("Vibram") moves to dismiss Plaintiff Teferi Bikila's

Complaint in its entirety because Plaintiff fails to plead any factual allegations establishing

that he is entitled to enforce any rights in Abebe Bikila's name or personality. Plaintiff claims

to have acquired the alleged rights he seeks to enforce via a power of attorney from the Bikila

Family, a term he defines to include Abebe Bikila's wife and three of his four children.[1] Yet

the Bikila Family's own website, which is referenced and relied upon in the Complaint (and

_____

[1] Vibram uses the term Bikila Family in this motion consistent with how it is defined in
Plaintiff's Complaint. Vibram disputes, however, that Plaintiff's definition accurately or
completely describes Abebe Bikila's family.

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 1
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

therefore properly considered on a motion to dismiss), specifically states that Abebe Bikila's name and trademarks are the property of an Ethiopian private limited company called Abebe Bikila's Family P.L.C. The Complaint does not allege that Plaintiff acquired any rights from the corporate entity. For that reason alone, his Complaint should be dismissed because he is not the real party in interest.

Even if the website is inaccurate, Plaintiff's conclusory statements that the Bikila Family "owns" Abebe Bikila's name and trademark rights "pursuant to Ethiopian law" are insufficient under the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff fails to plead that Abebe Bikila left a will bequeathing any property rights to him or the Bikila Family, or facts to support that Ethiopian intestacy law would vest these claims in the Bikila Family. In fact, Plaintiff pleads that Abebe Bikila was survived by three children when, as discussed below, it is a matter of public record that he was survived by four children. Plaintiff does not assert any allegations that explain why he, rather than Abebe Bikila's eldest son, Dawit Bikila (or his heirs if he is no longer living), is entitled to assert these rights. Moreover, even if the Bikila Family owns some rights in Abebe Bikila's name (in direct contradiction of the statements on their own website), Plaintiff's reliance on a power of attorney from the Bikila Family purportedly authorizing this litigation is insufficient to support his claims because "courts have uniformly denied" plaintiffs the right to sue in their own names based on a power of attorney. *Airlines Reporting Corp. v. S&N Travel*, 857 F. Supp. 1043, 1046-47 (E.D.N.Y. 1994).

The complete absence of any factual allegations establishing Plaintiff's ownership of any rights in Abebe Bikila's name or personality leaves Vibram unable to obtain a complete, final judgment with *res judicata* effect in this case. If this action proceeds without the real party in interest, Vibram faces the very real possibility of being subject to multiple,

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 2
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

inconsistent judgments if Abebe Bikila's Family, P.L.C. or any of Abebe Bikila's heirs other than Plaintiff bring another action. Accordingly, Vibram moves to dismiss Plaintiff's Complaint without prejudice because Plaintiff is not the real party in interest and has failed to join the true owner of Abebe Bikila's rights, an indispensable party.

Additionally, Vibram moves to dismiss Count 3 with prejudice because the Washington Personality Rights Act does not create a *per se* violation of the Washington Consumer Protection Act, to dismiss Count 6 with prejudice because a constructive trust is a remedy and not a viable cause of action, and to strike punitive damages from Plaintiff's request for relief because punitive damages are not available in Washington State or under the Lanham Act as a matter of law.

## II.    STATEMENT OF PLAINTIFF'S RELEVANT ALLEGATIONS

Plaintiff alleges that he is the son of the late runner, Abebe Bikila. Complaint [Dkt. 1], ¶ 1. Plaintiff alleges that Abebe Bikila died in 1973 and was survived by his wife, Yewebdar Weldgiorgis, and three children: Tisge Abebe Bikila, Yetenayet Abebe Bikila and the Plaintiff. *Id.*, ¶¶ 4-5. Plaintiff defines the term "Bikila Family" to mean Abebe Bikila's wife and the three identified children. *Id.*, ¶ 5. Although Plaintiff's Complaint is drafted such that it implies that these individuals are Abebe Bikila's only heirs, it is a matter of public record that Abebe Bikila was survived by four children, including his eldest son, Dawit Bikila.[2] Declaration of Joanne M. Hepburn ("Hepburn Decl.), Exs. A & B (examples of articles identifying Dawit Bikila as Abebe Bikila's son).

---

[2] "[I]t is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (internal quote omitted); *see also* FED. R. EVID. 201. Vibram asks that the Court take judicial notice of the existence of Abebe Bikila's eldest child, Dawit Bikila.

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 3
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Plaintiff further pleads that the Bikila Family "owns" Abebe Bikila's name. Complaint, ¶ 6. The only allegation to support this legal conclusion is yet another legal conclusion: that upon Abebe Bikila's death, his personality rights "were transferred to his heirs, the Bikila Family, pursuant to Ethiopian law."[3] *Id.*, ¶ 28. There are no factual allegations whatsoever supporting these legal conclusions. In fact, the Bikila Family's own website (referenced in the Complaint and therefore properly considered on a motion to dismiss) states that all "names, logos, trademarks and service marks are the property of Abebe Bikila's Family P.L.C.," which is apparently an Ethiopian private limited company. Hepburn Decl., Ex. C (website ownership) Ex. D (website contact). There are no allegations in the Complaint that Plaintiff acquired any rights whatsoever from the corporate entity. *See generally*, Complaint.

## III.     ARGUMENT AND AUTHORITY

**A.     Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted Because Plaintiff Failed to Plead Sufficient Facts to Show He Is the Real Party in Interest.**

### 1.     Applicable Legal Standards.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action,

---

[3] Although Plaintiff apparently intends to rely on Ethiopian law, he failed to provide a notice to that effect to the Court, as required by Federal Rule of Civil Procedure 44.1. While a high degree of specificity is generally not required to satisfy Rule 44.1, Plaintiff must at least provide reasonable notice of the general issues of Ethiopian law that Vibram will need to address. *See Mitsui Sumitomo Ins. Co. v. Shaughnessy Heavy Indus.*, 2006 U.S. Dist. LEXIS 3398, at 10-11, 2006 WL 126438 (W.D. Wash. Jan. 17, 2006) ("The reasonable notice requirement of Rule 44.1 is meant to prevent unfair surprises regarding foreign law issues for the parties and for the Court."). Here, there is no specificity as to how the Bikila Family allegedly obtained the rights other than "pursuant to Ethiopian law," leaving Vibram unable to determine whether Ethiopian law regarding contracts, assignments, wills, intestacy, or some other subject is at issue.

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 4
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

supported by mere conclusory statements, do not suffice." *Id.*; *see also Caviness v. Horizon Cmty. Learning Ctr.*, 590 F.3d 806, 812 (9th Cir. 2010) (affirming dismissal of claims based upon *Iqbal* standard). The Court is also "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Where a plaintiff has not alleged sufficient factual allegations to "nudge[] [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 680.

A critical component of proper pleading is that every action must be prosecuted in the name of the real party in interest.[4] *See* FED. R. CIV. P. 17(a)(1). The plaintiff must be "the person holding title to the claim or property involved, as opposed to others who may be interested in or benefit  by the litigation." *Malikyar v. Sramek*, No. C 07-03533 WHA, 2008 U.S. Dist. LEXIS 96839, at *7-8, 2008 WL 4891020 (N.D. Cal. Nov. 12, 2008) (citing *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986)). "The modern function of the rule . . . is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *U-Haul*, 793 F.2d at 1039 (quoting Note of Advisory Committee on 1966 Amendment to FED. R. CIV. P. 17). Here, if this action proceeds, Vibram is at substantial

---

[4] Some courts, sitting in diversity, have treated Rule 17(a) objections as Rule 12(b)(1) motions to dismiss. *See*, *e.g.*, *Malikyar v. Sramek*, No. C 07-03533 WHA, 2008 U.S. Dist. LEXIS 96839, at *6, 2008 WL 4891020 (N.D. Cal. Nov. 12, 2008); *see also Neighbors v. Mortg. Elec. Registration Sys.*, No. C 08-5530 PJH, 2009 U.S. Dist. LEXIS 5302, at * 5, 2009 WL 192445 (N.D. Cal. Jan. 27, 2009) (finding objection should be brought pursuant to Rule 17(a)). Nonetheless, although "the Ninth Circuit has not reached the issue, district courts have permitted parties to raise Rule 17 objections in the context of a motion to dismiss under Rule 12(b)(6)." *Langer Juice Co. v. Stonhard, Stoncor Group, Inc.*, No. CV 13-6323 RSWL, 2014 U.S. Dist. LEXIS 11818 at *10, 2014 WL 346643 (C.D. Cal. Jan. 30, 2014).

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 5
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

risk of a subsequent action by another party seeking duplicate recovery because Plaintiff has not alleged sufficient facts to establish that he is the real party in interest.

> **2.**   **Plaintiff Fails to Plead Facts Sufficient to Show that he or the Bikila Family Acquired any Rights from Abebe Bikila.**

There are three reasons why Plaintiff's Complaint fails to establish that he is the real party in interest, any one of which requires dismissal of this case.

First, Plaintiff's allegation that the Bikila Family owns Abebe Bikila's name and other rights is directly contradicted by the Bikila Family's own website, which states that all "names, logos, trademarks and service marks are the property of Abebe Bikila's Family P.L.C." Hepburn Decl., Ex. C. Because the website is specifically referenced and relied upon in the Complaint, the Court need not accept any conclusory allegations that are contradicted by the website. *See Steckman*, 143 F.3d at 1295-96. Plaintiff fails to allege any facts establishing that he was assigned any rights by Abebe Bikila's Family P.L.C., the entity that the Bikila Family publicly states is the owner of any rights in Abebe Bikila's name. Therefore, he is not the real party in interest and his Complaint should be dismissed.

Second, setting aside the ownership statements on the website, Plaintiff's conclusory allegation that the Bikila Family "owns" Abebe Bikila's name and other rights are insufficient as a matter of law. Plaintiff alleges that the Bikila Family acquired their alleged rights when the rights were transferred to them "pursuant to Ethiopian law."[5] Complaint, ¶¶ 6, 28. Yet, there are no factual allegations explaining how the Bikila Family came to own these rights.

---

[5] Plaintiff's allegations are apparently an effort to plead in accordance with RCW 63.60.030(1)(a) which provides that any rights that exist under the Washington Personality Rights Act belong to "the person entitled to such rights under the deceased individual's or personality's last will and testament or, if none, then by the beneficiaries or heirs under the laws of intestate succession applicable to interests in intangible personal property generally of the individual's or personality's domicile." Because Abebe Bikila was domiciled in Ethiopia (*see* Complaint, ¶¶ 2, 4), the law of Ethiopia determines who, if anyone, owns any rights under the Washington Personality Rights Act.

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 6
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

The Complaint does not allege that Abebe Bikila transferred any rights during his lifetime or that a will transferred any rights to the Bikila Family. *See generally*, Complaint. The Complaint does not explain how, if the transfer vehicle was Ethiopian intestacy law, the rights came to vest in these particular heirs rather than Abebe Bikila's other heirs. *Id.*

In fact, the conclusory allegations that are pled appear to be *inconsistent* with Ethiopian law and do not support a conclusion that Plaintiff has rights to assert. For example, Plaintiff claims to be enforcing the property rights of Yewebdar Weldgiorgis, who was Abebe Bikila's wife. Complaint, ¶¶ 5, 7. But under the plain language of the Ethiopian Civil Code, when there is no will, the deceased's property transfers to his children, not to his wife. Hepburn Decl., Ex. E ("Ethiopian Civil Code"), Art. 842 (children of deceased each receive equal portions of estate); Art. 1026 (deceased's spouse may assert claim for maintenance). The Ethiopian Civil Code further provides that, although property is generally divided equally among the decedent's children, that division does not mean that each child shares equally in each property right, as property may be given to the child to whom it would be most useful. *Id.*, Art. 1086; Art. 1087. Thus, it is entirely possible that, if any relevant rights were inherited, they were inherited by Plaintiff's older brother, Dawit Bikila, and not another member of the Bikila Family.[6]

The point here is not to debate the intricacies of Ethiopian intestacy law, but rather to explain why it is insufficient under *Iqbal/Twombly* for Plaintiff to plead only the legal conclusion that Ethiopian law transferred the requisite rights to the Bikila Family. In the

---

[6] Making matters even more complicated, it appears that members of the Bikila Family may be using names that are inconsistent with Ethiopian law, which requires that each person be designated in administrative documents by his family name followed by his first names and then by his patronymic. Hepburn Decl., Ex. E (Ethiopian Civil Code, Art. 32); *see also* Complaint, ¶ 5 (identifying members of Bikila Family). If members of the Bikila Family are using western or some other naming conventions in stating their names, it must say so in the Complaint because Vibram is entitled to a judgment that will be recognized and enforced by the Ethiopian courts.

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 7
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

absence of any factual allegations regarding *how* they came to "own" the rights on which they base their claims, Plaintiff has not nudged his claims over the line from conceivable to plausible and his Complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678.

Third, even if the Court assumes that the Bikila Family "owns" Abebe Bikila's name and personality, Plaintiff's allegation that he has a power of attorney from other members of the Bikila Family (Complaint, ¶ 7) is insufficient to make him the real party in interest for purposes of the claims of those individuals. "A person authorized to bring suit solely on the basis of a power of attorney is not a real party in interest; courts have uniformly denied such a party the right to sue in its own name." *Airlines Reporting Corp.*, 857 F. Supp. at 1046-47; 3A Moore's Federal Practice 17.10 (1993); *Denman v. Richardson*, 284 F. 592, 595 (D. Wash. 1921) (finding power of attorney authorizing plaintiff to proceed in law or equity did not authorize him to institute action in his own name). By claiming to be attorney-in-fact, Plaintiff necessarily concedes he is not the real party in interest. *Cf. Schoonover v. State*, 116 Wash. App. 171, 178, 64 P.3d 677 (2003) ("a person appointed to act on behalf of a principal by a power of attorney is no more than the principal's agent"). The failure to bring the case in the name of Plaintiff as attorney-in-fact for his principal, the Bikila Family, is not a minor technicality. Although the Washington Personality Rights Act may authorize Plaintiff to exercise rights as an attorney-in-fact,[7] Plaintiff must still exercise such rights in his capacity as agent for the principals who actually own the rights. Vibram cannot obtain a binding final judgment unless the true owners of these claims, not their agent, are parties to the lawsuit. In sum, the Complaint should have been brought in the individual names of the four members of

---

[7] Notably, although Plaintiff appears to bring all claims as attorney-in-fact, the only claim that is specifically authorized by an attorney-in-fact is the Washington Personality Rights Act claim. RCW § 63.60.040(3).

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 8
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the Bikila Family, using their names as authorized under Ethiopian law, so as to be clear that they are bound by the judgment in this case and subject to discovery as plaintiffs.

Plaintiff's failure to include the Bikila Family as parties is further compounded by his failure to sufficiently plead the scope of his alleged authority. It is well-established that powers of attorney are strictly construed and grant only those powers specified in the document. *Bryant v. Bryant*, 125 Wash.2d 113, 118, 882 P.2d 169 (1994); *Holladay v. Daily*, 86 U.S. 606, 610 (1874). Once again, Plaintiff pleads only the legal conclusion that he has a power of attorney that authorizes him to bring suit, but neither attaches the document nor describes the contents in any detail. Plaintiff also fails to plead the minimum requirements that would allow a third party to rely on a power of attorney from the Bikila Family. *See* RCW § 11.94.040(3) (setting forth nine requirements attorney-in-fact must state via affidavit before third party may rely on power of attorney without risk of liability). Plaintiff's pleading of the legal conclusion that he possesses a power of attorney that authorizes suit is insufficient where, as here, Plaintiff failed to attach the power of attorney to the Complaint, plead its contents, or plead the necessary facts to support the power of attorney. Plaintiff's alleged power of attorney fails to satisfy Rule 17(a) and his Complaint should be dismissed.

### 3.     Plaintiff's Failure to Plead Facts Establishing That He Owns the Rights at Issue Is Fatal to His Claims.

In the absence of any factual allegations that Plaintiff owns the rights to Abebe Bikila's name and personality, Plaintiff cannot establish that he is the real party in interest and fails to state any claim upon which relief can be granted. For example, for purposes of the Washington Personality Rights Act (Count 1), any rights under the statute "shall be owned by the person entitled to such rights under the deceased individual's or personality's last will and testament or, if none, then by the beneficiaries or heirs under the laws of intestate succession applicable to interests in intangible personal property generally of the individual's or personality's domicile . . . ." RCW § 63.60.030(1)(a). Thus, to pursue a claim under the

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 9
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Washington Personality Rights Act, Plaintiff must allege (1) facts that show that a will or Ethiopian intestacy law provided him or the Bikila Family with all such rights, (2) that the Bikila Family (and not the corporate entity) continue to be the owners of those rights, and (3) that any rights held by the Bikila Family or any other person or entity other than Plaintiff were properly assigned to Plaintiff. The complete dearth of any such allegations is fatal to the claim.

Plaintiff similarly fails to plead sufficient allegations for his Consumer Protection Act claims (Counts 2 and 3). Plaintiff must allege "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986). Failure to establish any one element is fatal to the claim. *Micro Enhancement Intern., Inc. v. Coopers & Lybrand, LLP*, 110 Wash. App. 412, 439, 40 P.3d 1206 (2002). Plaintiff cannot establish that anything "unfair or deceptive" happened to him or that he suffered any injury because Plaintiff has not pled any allegations that would allow the Court to conclude that Abebe Bikila's name is his to use.

Plaintiff's claim under Section 43(a) of the Lanham Act (Count 4) also fails because Plaintiff cannot satisfy the requirement that he must be commercially damaged to maintain a claim. *See* 15 U.S.C. § 1125; *Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1256 (E.D. Wash. 2004). Plaintiff fails to plead any commercial activities of his own in which he could have been damaged and instead relies on alleged commercial activities by the Bikila Family. Complaint, ¶¶18-22, 25. Not only do these alleged commercial activities, such as the website, appear to be conducted by the corporate entity and not the Bikila Family, but Plaintiff's alleged power of attorney does not authorize him to maintain claims in his own name on behalf of the Bikila Family. *See Airlines Reporting Corp.*, 857 F.

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 10
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Supp. at 1046-47. Because Plaintiff is not the real party in interest and was not commercially damaged, he cannot maintain his Lanham Act claim.

Likewise, for his unjust enrichment claim (Count 5), Plaintiff must establish "a benefit conferred upon the defendant by the plaintiff; an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Young v. Young*, 164 Wash. 2d 477, 484, 191 P.3d 1258 (2008) (quoting *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc*., 61 Wash. App. 151, 159-60, 810 P.2d 12 (1991)). Because Plaintiff  either does not own – or at a minimum, has not sufficiently pled that he owns – any rights in Abebe Bikila's name or personality, he either could not possibly have conferred a benefit on Vibram or cannot allege that he did.

Plaintiff fails to allege any facts that establish that he is the real party in interest. If Vibram is to defend itself in this case, it is entitled to a judgment that will have *res judicata* effect. That result is impossible under Plaintiff's Complaint. Given the contradictory ownership information on the website and the complete absence of any allegations explaining how the Bikila Family acquired the relevant rights or transferred them to Plaintiff, the Complaint should be dismissed because Plaintiff is not the real party in interest.

## B.      Plaintiff's Lawsuit Should Be Dismissed Because Plaintiff Failed to Join an Indispensable Party.

In addition to dismissal because Plaintiff is not the real party in interest, the Court should dismiss this action for failure to join an indispensable party pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. Pursuant to Rule 19, "if an absent party is necessary to the action; then if that party cannot be joined, the court must determine whether the party is indispensable so that in equity and good conscience the action should be dismissed." *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991) (quotations omitted). As discussed above, Plaintiff is not the real party in interest and

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 11
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the actual owner of any legally protectable interest in the claims—either the Ethiopian corporate entity, Dawit Bikila (or his heirs if he is no longer living), or some other heir—has not been joined. Because the actual holder of the rights at issue is not a party and cannot be joined, the case should be dismissed.

In determining whether a party is necessary pursuant to Rule 19, the Court first determines "whether complete relief can be afforded if the action is limited to the existing parties." *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014). It then considers whether the absent party has a "legally protected interest" that will leave an existing party "subject to multiple inconsistent legal obligations" if the absent party is not joined. *Id.* A party has a legally protected interest if it would have a claim that is not patently frivolous. *Id.* at 1027. Here, Plaintiff's deficient pleading makes it impossible to identify the true owner of the rights at issue. The website alleged to be operated by the Bikila Family identifies the corporate entity, Abebe Bikila's Family P.L.C., as holding the legally protected interest in Abebe Bikila's name and trademarks. Hepburn Decl., Ex. C. Plaintiff's Complaint alleges that Ethiopian law governs ownership, which would mean Dawit Bikila (or his heirs if he is no longer living) has a legally protected interest. *Id.*, Ex. E (Art. 842). It is entirely possible that other heirs of Abebe Bikila have rights that will be implicated in this case. In that case, complete relief cannot be accorded with the existing parties because the person or entity that actually owns any legally protected interest in Abebe Bikila's name and trademarks would not be a party to the case. To avoid subjecting Vibram to multiple, inconsistent legal obligations, the legal owner of the rights asserted in this case is a necessary party and "must be joined." *See* Fed. R. Civ. P. 19(a)(1).

Because the actual owner (or owners) of Abebe Bikila's rights are, upon information and belief, Ethiopian citizens and not subject to joinder, the Court must determine whether they are indispensable parties such that, in "equity and good conscience," the suit should be

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 12
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

dismissed. FED. R. CIV. P. 19(b); *Skokomish Indian Tribe v. Goldmark*, 994 F. Supp. 2d 1168,

1186 (W.D. Wash. 2014). Rule 19(b) provides several factors the Court should consider: "(1)

the extent to which a judgment rendered in the person's absence might prejudice that person

or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment, (B) shaping the relief, or (C) other measures; (3)

whether a judgment rendered in the person's absence would be adequate; and (4) whether the

plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

*Skokomish Indian Tribe*, 994 F. Supp. 2d at 1190 (quoting FED. R. CIV. P. 19(b)). The first

factor of the Rule 19(b) test "is essentially the same as the legal interest test under Rule

19(a)." *Id.* at 1190. Thus, where, as here, the absent party has a legal interest in the case, the

prejudice prong will weigh in favor of dismissal. *See id.*; *see also Confederated Tribes of*

*Chehalis Indian Reservation*, 928 F.2d at 1498.

　　　　With respect to the second factor, no action taken by this Court could lessen the

prejudice that would result to Vibram by proceeding without the actual owner of the rights at

issue. A limitation in the judgment would not prevent duplicative litigation or cure a judgment

rendered without all necessary information. Likewise, the third factor also weighs in favor of

dismissal. This factor does not address "the adequacy of the judgment from the point of view

of the plaintiff but . . . determine[s] whether a judgment would comport with the interest of

the courts and public in complete, consistent and efficient settlement of controversies."

*Skokomish Indian Tribe*, 994 F. Supp. 2d at 1191 (quotations omitted). Where, as here, there

is a significant possibility that a defendant will face subsequent litigation on the same issues,

this factor favors dismissal. *Id.* at 1192.

　　　　The fourth and final factor addresses whether the plaintiff would have an adequate

remedy if the case is dismissed for nonjoinder. FED. R. CIV. P. 19(b)(4). Here, this factor

should be given minimal weight because, as discussed above, Plaintiff is not the real party in

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 13
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

interest. *Cf. Skokomish Indian Tribe*, 994 F. Supp. 2d at 1192 (giving minimal weight to fourth factor where absent party was immune from suit); *Confederated Tribes of Chehalis Indian Reservation*, 928 F.2d at 1500 ("the lack of an alternative forum does not automatically prevent dismissal of a suit."). Even if Plaintiff is a real party in interest, the other three factors outweigh this factor in the Rule 19 balancing test because Vibram would be substantially prejudiced by defending against multiple actions on these claims. Moreover, Plaintiff claims to be aligned in some manner with the true rights holders, yet chose to proceed as the sole plaintiff, which further supports dismissal. *Cf. Virginia Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1248 (9th Cir. 1998) (finding plaintiff's strategic decisions to prejudice absent party supported dismissal). The balancing of the four factors weighs heavily in favor of dismissal.

Because the true owner of Abebe Bikila's rights is a necessary party and cannot be joined, and because no curative measures taken by this Court can lessen the prejudice Vibram would face by proceeding in this action without the true owner of Abebe Bikila's rights, this Court should dismiss this case in the interest of equity and good conscience.

**C.     Plaintiff's *Per Se* CPA Claim (Claim 3) Fails as a Matter of Law Because a Violation of RCW Ch. 63.60 Does Not Constitute a *Per Se* CPA Violation.**

In addition to dismissing Plaintiff's Complaint in its entirety without prejudice pursuant to Rules 17(a) and 19, the Court should dismiss Plaintiff's *per se* Consumer Protection Act ("CPA") Claim with prejudice because no such cause of action arises from an alleged violation of RCW Ch. 63.60.

To prevail on a CPA claim, Plaintiff must prove five elements: "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge*, 105 Wash.2d at 780. In *Hangman Ridge*, the Washington Supreme Court clarified that a statutorily prohibited act is *per se* unfair or deceptive for purposes of the CPA *only when the*

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 14
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  legislature explicitly says so: "[T]he Legislature, not this court, is the appropriate body to . . .

2  declar[e] a statutory violation to be a *per se* unfair trade practice." 105 Wash.2d at 787; *see*

3  *also State v. Pac. Health Ctr., Inc.*, 135 Wash. App. 149, 170-71, 143 P.3d 618 (2006) ("The

4  legislature has explicitly stated which statutory violations are *per se* CPA violations."). The

5  *Hangman Ridge* Court also held the public interest CPA element can be established *per se* by

6  an explicit legislative declaration. 105 Wash.2d at 791-92.

7      The Legislature did not create a *per se* CPA violation in crafting Washington's

8  Personality Rights Act, RCW ch. 63.60; thus, Plaintiff's *per se* CPA claim fails as a matter of

9  law. The Personality Rights Act contains no mention of unfair or deceptive practices or public

10  interest impact. The Washington Legislature knows how to craft a statute to give rise to a *per*

11  *se* CPA claim.[8] The fact that the Legislature chose not to do so in creating the Personality

12  Rights Act is dispositive of Plaintiff's claim. As a matter of law, Plaintiff's *per se* CPA claim

13  must be dismissed.

14  **D.**    **Plaintiff's Constructive Trust Claim (Claim 6) Fails as a Matter of Law Because
a Constructive Trust is a Remedy, Not a Cause of Action.**

15      Plaintiff's sixth cause of action, constructive trust, asserts a remedy as a claim and

16  should be dismissed with prejudice. Complaint, ¶¶ 50-51. "A constructive trust is an *equitable*

17  *remedy* imposed by courts when someone should not in fairness be allowed to retain

18  property." *Goodman v. Goodman*, 128 Wash.2d 366, 371, 907 P.2d 290 (1995) (emphasis

19

20  [8] *See, e.g.*, RCW § 19.190.030 ("[i]t is a violation of the consumer protection act, chapter
19.86 RCW" to violate specific provisions of the Commercial Electronic Mail Act); RCW

21  §19.146.100 (declaring violation of the Mortgage Brokers Practices Act "an unfair or
deceptive act or practice…in violation of RCW 19.86.020"); RCW § 19.178.110 (declaring

22  violation of the Going Out of Business Sales Act "an unfair or deceptive act in trade or
commerce and an unfair method of competition for the purpose of applying the consumer

23  protection act, chapter 19.86 RCW"); RCW § 19.16.440 (operating a collection agency
without a license or committing acts prohibited by the governing statute are "unfair acts or

24  practices or unfair methods of competition in the conduct of trade or commerce for the
purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW");

25  RCW § 19.86.023 (any violation of RCW § 15.86.030 (Organic Products Act) constitutes a
violation of the CPA).

26

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 15
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

added). As a remedy, "constructive trust" cannot properly be asserted as a cause of action. *Malone v. Clark Nuber, P.S.*, No. 07-cv-2046RSL, 2009 U.S. Dist. LEXIS 13901, at *22 (W.D. Wash., Feb. 23, 2009) ("The Court has not found any authority that would permit plaintiffs to assert [a constructive trust] equitable remedy as a cause of action."). Because constructive trust is a remedy, it is not a cognizable claim and should be dismissed as a matter of law.

**E.     Plaintiff's Request for Punitive Damages Should Be Dismissed Because Punitive Damages Are Not Available Under State Law or the Lanham Act.**

Plaintiff's request for punitive damages should be dismissed as a matter of law because punitive damages are unavailable in Washington. "Since its earliest decisions, [the Washington Supreme Court] has consistently disapproved punitive damages as contrary to public policy." *Dailey v. North Coast Life Ins. Co.*, 129 Wash.2d 572, 574, 919 P.2d 589 (1996). Punitive damages in Washington are categorically unavailable without express legislative authorization. *Id*. at 575. Similarly, punitive damages are unavailable under the Lanham Act. *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996). Plaintiff seeks punitive damages with no basis, and thus seeks a remedy that is unavailable. *See* Complaint, ¶ 51. Plaintiff's request for punitive damages should be dismissed as a matter of law.

## IV.     CONCLUSION

Vibram is entitled to a resolution of this case that is complete and final. Plaintiff has failed to plead sufficient facts to show he is the owner of the rights at issue and the allegations that are made are inconsistent with his ownership. Because Plaintiff is not, or has not sufficiently pled that he is, the real party in interest and failed to join the true owner of Abebe Bikila's rights, the Complaint should be dismissed without prejudice. Further, because Counts 3 and 6 and Plaintiff's request for punitive damages are not cognizable under Washington law or the Lanham Act, they should be dismissed with prejudice. Vibram further asks that the

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 16
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    Court retain jurisdiction of this matter for the purpose of addressing attorneys' fees, which are

2    available to Vibram under several of the theories pled by Plaintiff in this case.

3

4            DATED this 18th day of March, 2015.

5                                                      K&L GATES LLP

6                                                      By:  /s/Jeffrey C. Johnson
                                                      Jeffrey C. Johnson, WSBA # 23066
7                                                     Joanne M. Hepburn, WSBA # 32841
                                                      Kendra H. Nickel-Nguy, WSBA # 45520
8                                                     925 Fourth Avenue, Suite 2900
                                                      Seattle, WA 98104
9                                                     Tel:  (206) 623-7580
                                                      Fax: (206) 623-7022
10                                                    Email:    jeff.johnson@klgates.com
                                                                joanne.hepburn@klgates.com
11                                                              kendra.nickel-nguy@klgates.com

12                                                    Attorneys for Defendant
                                                      Vibram USA, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 17
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on March 18, 2015, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4  registered CM/ECF users in this action.

5                                          K&L GATES LLP

6                                          By:  /s/Jeffrey C. Johnson
                                           Jeffrey C. Johnson, WSBA # 23066
7                                          925 Fourth Avenue, Suite 2900
                                           Seattle, WA 98104
8                                          Tel:  (206) 623-7580
                                           Fax: (206) 623-7022
9                                          Email:  jeff.johnson@klgates.com

10                                         Attorneys for Defendant
                                           Vibram USA, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT VIBRAM USA, INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) AND 12(b)(7) - 18
Case No. 3:15-cv-05082-RBL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022