The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

TEFERI ABEBE BIKILA, an individual;
YETNAYET ABEBE BIKILA, an
individual; TSIGE ABEBE, an
individual; and YEWEBDAR W.
GIORGESE, an individual,

        Plaintiffs,

    v.

VIBRAM USA INC., a Delaware
corporation,

        Defendant.

Case No. 3:15-cv-05082-RBL

**PLAINTIFFS' REPLY WITH
AFFIRMATIVE DEFENSES TO
DEFENDANT'S ANSWER,
COUNTERCLAIMS FOR
DECLARATORY JUDGMENT, AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT**

Plaintiffs Teferi Abebe Bikila; Yetnayet Bikila; Tsige Abebe; and Yewebdar W. Giorgese
(collectively, the "Bikila Family"), by and through their attorney Alex C. Trauman of
Motschenbacher & Blattner, LLP, reply to Defendant Vibram USA Inc.'s Answer,
Counterclaims for Declaratory Judgment, and Affirmative Defenses to First Amended Complaint
as follows:

## FACTS COMMON TO COUNTERCLAIMS

1.      Answering paragraph 1, Plaintiffs admit that Abebe Bikila was an Olympic runner
who was a citizen of Ethiopia, who lived in Ethiopia, and who died in Ethiopia.

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 200
Portland, Oregon  97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

2.      Answering paragraph 2, Plaintiffs admit that Plaintiff Terefi Abebe Bikila is an American citizen residing in Oregon, and the son and heir of the late Olympic Runner Abebe Bikila.

3.      Answering paragraph 3, Plaintiffs admit that Yetnayet Abebe Bikila is a German citizen residing in Addis Ababa, Ethiopia, and the son and heir of Abebe Bikila.

4.      Answering paragraph 4, Plaintiffs admit that Plaintiff Tsige Abebe is an American citizen residing in Addis Ababa, Ethiopia, and the daughter and heir of Abebe Bikila.

5.      Answering paragraph 5, Plaintiffs admit that Yewebdar W. Giorgese, also known as Yewebdar Weldegiorgis, is a citizen of Ethiopia residing in Addis Ababa, Ethiopia, that she is the surviving wife of Abebe Bikila and the sole heir of her late son, Dawit Bikila, and that Dawit Bikila died intestate as an Ethiopian citizen in Vaught, Holland.

6.      Answering paragraph 6, Plaintiffs admit that they own, market, sell, promote, administer, and license the likeness, photographs, name, and other artistic properties of the late Abebe Bikila.

7.      Answering paragraph 7, Plaintiffs admit that on or about May 15, 2009, Vibram FiveFingers, LLC, ("VFF") an entity affiliated with Vibram USA and its parent company, Vibram S.p.A., filed a Trademark application for "Bikila" as a word mark under international class 025 for Footwear (the "Bikila Trademark").

8.      Answering paragraph 8, Plaintiffs admit that on July 20, 2010, the United States Patent and Trademark Office ("USPTO") issued VFF the "Bikila" Trademark under registration number 3822947.  Plaintiffs deny the remaining allegations of paragraph 8.

9.      Answering paragraph 9, Plaintiffs admit that VFF has used the word "Bikila" in connection with the marketing of some models of the shoes VFF sells in the United States.

10.     Answering paragraph 10, Plaintiffs admit that they allege that Vibram violated RCW 63.60 et seq., the Washington Personality Rights Act ("WPRA"), by its use of the "Bikila" Trademark for sales throughout the United States.

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 200
Portland, Oregon  97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

11.     Answering paragraph 11, Plaintiffs admit that an actual dispute exists between Defendant and the Bikila Family.  Plaintiffs further state that the remaining allegations of this paragraph are legal conclusions and, so stating, deny them.

12.     Answering paragraph 12, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

13.     Answering paragraph 13, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

14.     Answering paragraph 14, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

15.     Answering paragraph 15, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

16.     Answering paragraph 16, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

17.     Answering paragraph 17, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

18.     Answering paragraph 18, Plaintiffs admit that there is an actual, present, and existing dispute between the Plaintiffs and Defendant.  The remaining allegations of paragraph 18 contain a legal conclusion and/or claim for relief from Defendant, therefore no response is necessary.  To the extent a response is necessary, Plaintiffs deny the remaining allegations of paragraph 18.

## CAUSES OF ACTION

### Count I – Due Process Violation (U.S. const. amend. XIV)

19.     Plaintiffs admit and deny paragraphs 1 through 18 of its Reply as though fully set forth herein.

20.     Answering paragraph 20, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

PLAINTIFFS' REPLY WITH AFFIRMATIVE DEFENSES TO DEFENDANT'S ANSWER, COUNTERCLAIMS FOR DECLARATORY JUDGMENT, AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 3
Case No. 3:15-cv-05082-RBL

21.     Answering paragraph 21, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

22.     Answering paragraph 22, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

23.     Plaintiffs deny the allegations contained in paragraph 23.

24.     Answering paragraph 24, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

25.     Answering paragraph 25, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

26.     Answering paragraph 26, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

**Count II – Violation of Dormant Commerce Clause (U.S. const. art. I, § 8, cl. 3)**

27.     Plaintiffs admit and deny paragraphs 1 through 26 of its Reply as though fully set forth herein.

28.     Answering paragraph 28, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

29.     Answering paragraph 29, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

30.     Answering paragraph 30, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

**Count III – Violation of Supremacy Clause (U.S. const. art. VI)**

31.     Plaintiffs admit and deny paragraphs 1 through 30 of its Reply as though fully set forth herein.

32.     Answering paragraph 32, Plaintiffs state that the allegations of this paragraph are legal conclusions and, so stating, deny them.

33.     Answering paragraph 33, Plaintiffs state that the allegations of this paragraph are

PLAINTIFFS' REPLY WITH AFFIRMATIVE DEFENSES TO DEFENDANT'S ANSWER, COUNTERCLAIMS FOR DECLARATORY JUDGMENT, AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 4
Case No. 3:15-cv-05082-RBL

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 200
Portland, Oregon  97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

1   legal conclusions and, so stating, deny them.

2       34.   Answering paragraph 34, Plaintiffs admit that pursuant to the powers granted by

3   the U.S. Constitution, the federal government has entered into multiple treaties with Ethiopia

4   regulating trade.

5       35.   Answering paragraph 35, Plaintiffs admit Abebe Bikila was an Ethiopian citizen

6   who lived and died in Ethiopia.

7       36.   Answering paragraph 36, Plaintiffs state that the allegations of this paragraph are

8   legal conclusions and, so stating, deny them.

9       **Count IV – Violation of Taking Clause (U.S. const. amend. V and XIV)**

10      37.   Plaintiffs admit and deny paragraphs 1 through 36 of its Reply as though fully set

11  forth herein.

12      38.   Answering paragraph 38, Plaintiffs state that the allegations of this paragraph are

13  legal conclusions and, so stating, deny them.

14      39.   Answering paragraph 39, Plaintiffs state that the allegations of this paragraph are

15  legal conclusions and, so stating, deny them.

16      40.   Answering paragraph 40, Plaintiffs state that the allegations of this paragraph are

17  legal conclusions and, so stating, deny them.

18      41.   Answering paragraph 41, Plaintiffs state that the allegations of this paragraph are

19  legal conclusions and, so stating, deny them.

20      **<u>AFFIRMATIVE DEFENSES</u>**

21      42.   Defendant's counterclaims should be dismissed for failure to state a claim upon

22  which relief can be granted.

23      43.   Defendant's counterclaims for relief are barred because it is not the real party in

24  interest and it does not own, or have the authority to exercise, the rights alleged in its

25  counterclaims.

26      44.   Defendant's counterclaims for relief are barred by the Ninth Circuit Court of

PLAINTIFFS' REPLY WITH AFFIRMATIVE DEFENSES TO DEFENDANT'S ANSWER, COUNTERCLAIMS
FOR DECLARATORY JUDGMENT, AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT - 5
Case No. 3:15-cv-05082-RBL

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 200
Portland, Oregon  97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

1   Appeals' decision in *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829 (9th

2   Cir. 2014).

3        45.    Defendant's counterclaims for relief are barred by the Bikila Family's prior right

4   to the exclusive right to use the "Bikila" as a trademark.

5        46.    Upon information and belief, Defendant was aware of the Plaintiffs' intellectual

6   property rights at the time its affiliate, VFF, filed and received the Bikila Trademark.  In

7   registering the Bikila Trademark, VFF falsely represented to the United States Patent and

8   Trademark Office that it had the exclusive right to use the trademark "Bikila" in the United

9   States, when in fact, Plaintiffs had used the Bikila name in the United States for commercial use

10   prior to VFF's registration.  By using the Bikila Trademark to sell its Bikila line of shoes and

11   clothing, Defendant intended to deceive consumers by falsely representing that their shoes and

12   clothing are endorsed or sponsored by Abebe Bikila or his heirs, when in fact, no such

13   sponsorship or endorsement exists.  In light of the foregoing inequitable conduct, the

14   Defendant's relief should be barred by the doctrine of unclean hands.

15        47.    Plaintiffs reserve the right to assert additional defenses upon further factual

16   development of Defendant's counterclaims and Plaintiffs' defenses.

17                        **PRAYER FOR RELIEF**

18        WHEREFORE, Plaintiffs pray for the following relief:

19        a.    Dismissal with prejudice of Defendant's Counterclaims or, in the alternative,

20   judgment in favor of Plaintiffs on all counts in Defendant's Counterclaim;

21   //

22   //

23   //

24   //

25   //

26   //

PLAINTIFFS' REPLY WITH AFFIRMATIVE DEFENSES TO DEFENDANT'S ANSWER, COUNTERCLAIMS
FOR DECLARATORY JUDGMENT, AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT - 6
Case No. 3:15-cv-05082-RBL

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 200
Portland, Oregon  97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

1    b.    For the relief prayed for in Plaintiffs' First Amended Complaint; and

2    c.    For such other relief that this Court may deem just and proper.

3    DATED:  May 11, 2015.                    Respectfully submitted,

4

5                                             /s/ Alexander C. Trauman
                                              Alexander C. Trauman, WSB #44400
                                              Troy G. Sexton, WSB #48826
6                                             Motschenbacher & Blattner LLP
                                              117 SW Taylor Street, Suite 200
7                                             Portland, OR  97204-3029
                                              Tel: 503-417-0500
8                                             Facsimile: 503-417-0501
                                              Email:  atrauman@portlaw.com
9                                             Email: tsexton@portlaw.com
                                              Of Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 200
Portland, Oregon  97204-3010
Telephone (503) 417-0500 • Fax (503) 417-0501

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 11, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey C. Johnson
Joanne M. Hepburn
Kendra H. Nickel-Nguy
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
jeff.johnson@klgates.com
joanne.hepburn@klgates.com
kendra.nickel-nguy@klgates.com

DATED:  May 11, 2015.                    /s/ Alexander C. Trauman
                                         Alexander C. Trauman, WSB #44400
                                         Troy G. Sexton, WSB #48826
                                         Motschenbacher & Blattner LLP
                                         117 SW Taylor Street, Suite 200
                                         Portland, OR  97204-3029
                                         Tel: 503-417-0500
                                         Email:  atrauman@portlaw.com
                                         Email:  tsexton@portlaw.com
                                         Of Attorneys for Plaintiffs

H:\ATrauman\BIKTEF.3064\Pleadings\Reply to Counterclaims.doc

CERTIFICATE OF SERVICE - 1
Case No. 3:15-cv-05082-RBL